Veronica Y. **GUDGER**, Plaintiff,

v.

**DISTRICT OF COLUMBIA, et al., Defendants.**

**Civil Action No. 14-576 (RMC)**

United States District Court, District of Columbia.

Signed 01/05/2016

Kenneth E. McPherson, Kenneth E. McPherson, Chtd., Riverdale, MD, for Plaintiff.

Steven J. Anderson, Office of the Attorney General for the District of Columbia, Washington, DC, for Defendants.

## ORDER

ROSEMARY M. COLLYER, United States District Judge

On December 22, 2015, Sergeant Michael Millsaps filed a Motion for Reconsideration of the Court's December 16, 2015 Order denying his Motion for Partial Summary Judgment. Mot. for Reconsideration [Dkt. 34] (Mot.). Sergeant Millsaps once again argues that Veronica Gudger's unreasonable-search claim as alleged in Count I of the Complaint should be dismissed based on qualified immunity. Sergeant Millsaps asserts that he is entitled to qualified immunity because he reasonably believed Apartment #2 at 1416 Holbrook St, NE, D.C., to be Darryl Marable's residence and that Mr. Marable would be present when he entered the apartment. In its December 16 Opinion, the Court found that there was a genuine issue of material fact that made it impossible for the Court to determine whether, on the day in question, Sergeant Millsaps reasonably believed Apartment #2 to be Mr. Marable's residence. Opinion [Dkt. 31] at 7. Sergeant Millsaps now submits new evidence to show that "what appeared to be a factual dispute is not." Mot. at 3. Ms. Gudger filed a timely opposition, to which Sergeant Millsaps replied. For the reasons that follow, the Court denies Sergeant Millsaps's Motion for Reconsideration.

## I. FACTS AND PROCEDURAL BACKGROUND

The facts pertinent to Sergeant Millsaps's motion for partial summary judgment were set forth in the Court's Decem-

ber 16 Opinion. *See* Opinion at 1–3. Only a brief summary is necessary here.

Sergeant Millsaps contends that he reasonably believed that Mr. Marable resided at Apartment #2 because he investigated the address prior to attempting to execute an outstanding arrest warrant for Mr. Marable. Specifically, Sergeant Millsaps points out that 1416 Holbrook Street, N.E., Apt. #2 Washington, D.C. was the address listed on the D.C. Department of Motor Vehicles (DMV) records and Mr. Marable's driver's license. MSJ Opp'n, Ex. 7 (WALES Data) at 2. Sergeant Millsaps relied on the driver's license, as opposed to other addresses found in various law enforcement databases, because he knew that the DMV requires proof of residence in the form of a lease or utility bill. Millsaps Dep. Tr. at 22–23.[1]

In its December 16 Opinion, the Court noted that the documents containing Mr. Marable's addresses (DMV records and law enforcement databases) were all printed on August 22, 2013—the day after Sergeant Millsaps allegedly searched Ms. Gudger's apartment. Opinion at 6–7. Drawing all reasonable and justifiable inferences in favor of Ms. Gudger, the Court concluded that there was a genuine issue of material fact as to whether Sergeant Millsaps had access to these records on the day of the search and whether he actually investigated Mr. Marable's address prior to going to Apartment #2. *Id.* at 7. Since it was unclear from the record whether Sergeant Millsaps had seen the address listed in Mr. Marable's driver's license on August 21, 2013, the Court could not find as a matter of law that Sergeant Millsaps reasonably believed Apartment #2 to be Mr.

Marable's residence. *See* Opinion at 4, 7 (citing *Gainor v. Rogers*, 973 F.2d 1379, 1384–85 (8th Cir.1992) (holding that when there is a genuine issue of material fact, "the defense of qualified immunity shielding the defendant from trial must be denied . . . . [because] it is impossible for the court to determine, as a matter of law, what predicate facts exist to decide whether or not the officer's conduct clearly violated established law")). Accordingly, the Court rejected Sergeant Millsaps's qualified immunity defense at the summary judgment stage.

Sergeant Millsaps has now submitted new evidence to support his deposition testimony that he investigated Mr. Marable's address before going to Apartment #2. He has produced two printouts of the MYJUSTIS and WALES databases indicating that he searched Mr. Marable's name and address before going to 1416 Holbrook Street. Specifically, Exhibit 2 shows that Sergeant Millsaps accessed the MYJUSTIS database and searched for Mr. Marable on August 19, 2013. Mot., Ex. 2 (New MYJUSTIS Data). Exhibit 3 shows that he accessed the WALES system on August 21, 2013, at 5:36 a.m. to search for Mr. Marable. *Id.*, Ex. 3 (New WALES Data).

Sergeant Millsaps also included a declaration that he signed on December 17, 2015—the day after the Court's Opinion was entered. The declaration indicates that the WALES and MYJUSTIS printouts of August 22, 2013—which Ms. Gudger identified in her Opposition to the Partial Motion for Summary Judgment as Exhibits 7 and 8—contain "exactly the same information as was shown on the printouts [Ser-

---

1. Various law enforcement databases contained conflicting addresses for Mr. Marable's residence. *See* WALES Data at 2; *see also* MSJ Opp'n, Ex. 8 (MYJUSTIS Data) at 2. Superior Court records referencing the arrest warrant identified Apartment #1 as Mr. Marable's res-

idence in 2013. WALES Data at 2. One database even identified a different address that did not correspond to the 1416 Holbrooke Street apartment building. *See* MYJUSTIS Data at 2.

geant Millsaps] made before going to 1416 Holbrook St., NE on August 21, 2013." *Id.*, Ex. 1 (Millsaps Decl.) ¶ 7. Sergeant Millsaps also adds that he had the original August 21 printouts in his hand when he went to Apartment #2, but that Ms. Gudger grabbed them and they became so "deformed" that he had to throw them away. *Id.* ¶ 6. Unsurprisingly, Ms. Gudger opposes these new exhibits as untimely and claims that Sergeant Millsaps's credibility is still at issue.

## II. LEGAL STANDARD

 Federal Rule of Civil Procedure 54(b) governs a motion for reconsideration of interlocutory orders. Rule 54(b) provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties … may be revised at any time before the entry of judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). Relief under Rule 54(b) is available "as justice requires." *DL v. District of Columbia*, 274 F.R.D. 320, 324 (D.D.C.2011). To determine what "justice requires," courts examine the relevant circumstances. *Cobell v. Norton*, 355 F.Supp.2d 531, 539 (D.D.C. 2005). Relevant circumstances include whether the court has " 'patently misunderstood a party, has made a decision outside the adversarial issues presented to the Court by the parties, has made an error not of reasoning, but of apprehension, or where a controlling or significant change in the law or facts [has occurred] since the submission of the issue to the Court.' " *Ficken v. Golden*, 696 F.Supp.2d 21, 35 (D.D.C.2010) (quoting *Cobell v. Norton*, 224 F.R.D. 266, 272 (D.D.C.2004)) (alterations in original).

## III. ANALYSIS

 There is no question that the new exhibits attached to Sergeant Millsaps's motion for reconsideration are untimely. Sergeant Millsaps's declaration was signed the day after the Court's Opinion was issued and does not contain any new evidence that was previously unavailable. The Court notes that the new MYJUSTIS Data in Exhibit 2 was generated on November 12, 2015 in response to a November 9, 2015 email by Sergeant Millsaps "requesting information regarding a log of [his] searches" on Mr. Marable. Instead of including this information in the November 25, 2015 reply brief, Sergeant Millsaps chose to file the new evidence with the instant motion for reconsideration.

 Regardless, the Court finds that Sergeant Millsaps's new evidence does not require reconsideration of the December 16 Opinion. Exhibits 2 and 3 do not make any references to Apartment #2. Exhibit 2 only shows that Sergeant Millsaps accessed the MYJUSTIS database on August 19, 2013. *See* New MYJUSTIS Data. The printout does not show what information was available to Sergeant Millsaps at that date. In fact, according to his motion for partial summary judgment and the earlier exhibits, the address listed on Mr. Marable's driver's license was found in the WALES system—not the MYJUSTIS database. *See* MYJUSTIS Data at 2; WALES Data at 2. Similarly, Exhibit 3 shows that Mr. Marable accessed the WALES database prior to going to Apartment #2. *See* New WALES Data. However, the printout only identifies Apartment #1 as Mr. Marable's last known address, which seems to directly cut against Sergeant Millsaps's qualified immunity defense. *See id.*

Given these inconsistencies in the record, the Court will disregard Sergeant Millsaps's statements in his December 17

declaration. *See* Millsaps Decl. There is still a genuine issue of material fact precluding summary judgment. The Court cannot determine as a matter of law whether there was a reasonable basis to believe that Mr. Marable resided at Apartment #2.[2] The jury will have to determine through special questions whether Sergeant Millsaps reviewed Mr. Marable's driver's license prior to going to Apartment #2. Only then will the Court be able to resolve Sergeant Millsaps's qualified immunity defense.

Accordingly, it is hereby

**ORDERED** that Sergeant Millsaps's Motion for Reconsideration, Dkt. 34, is **DENIED**. The case will proceed to trial as scheduled.

---

**2.** The relevant inquiry here is not into Sergeant Millsaps's subjective state of mind. However, the jury must find whether Sergeant Millsaps was able to review Mr. Marable's license before attempting to execute the arrest warrant. This finding is critical to a holding that there was or was not a violation of clearly established law in light of *Payton v. New York*, 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980) and *United States v. Thomas*, 429 F.3d 282 (D.C.Cir.2005).